NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1371
_____

UNITED STATES OF AMERICA

v.

GEORGE ALEXANDER,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:22-cr-00223-001)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
June 4, 2026

Before: PORTER, MATEY, and AMBRO, *Circuit Judges*

(Opinion filed: June 30, 2026)

---

OPINION[*]

---

AMBRO, *Circuit Judge*

Sentencing courts must articulate whether they are imposing a departure or a variance from the Sentencing Guidelines range. When they do not, we vacate and remand for resentencing unless the record shows the error did not affect the sentence. Here, the District Court was not clear about whether George Alexander's sentence was a departure or a variance. During his sentencing hearing, the Court repeatedly referred to the sentence as a departure. In the Statement of Reasons, it referred instead to a variance. The distinction made a difference. The District Court said that if it could not depart, it would have imposed a sentence five months shorter. Therefore, we must vacate and remand for resentencing.

## I.

In October 2022, George Alexander pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). The Sentencing Guidelines identified his offense level as 23, his criminal history category as VI, and the range as 92 to 115 months in prison. The Government wanted a 115-month sentence. Alexander sought 84 to 105 months.

The District Court sentenced Alexander to the statutory maximum, 120 months. Throughout the sentencing hearing, it described its decision to impose a sentence above

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the Guidelines range as an "upward departure." *See, e.g.*, Appx80 ("I'm going to myself make an upward departure[.]"); Appx84 ("I recognize that upward departures [are] unusual. In this case, it's only five months."); Appx84 ("[I]f it's found on appeal or otherwise that the upward departure is improper . . ."). Explaining why it chose 120 months, the Court said that Alexander's criminal history suggested he "just goes about and commits more crimes." Appx79. It lamented that "the facts of this case are also very discouraging," Appx79, said that it could not "imagine more dangerous behavior on an open street in Philadelphia," Appx80, and concluded that "society needs to be protected from [Alexander] for a very long time," Appx80. When he objected to "the upward departure," the Court did not correct his description of what it had done. Appx84. In response, it noted that "if it's found on appeal or otherwise that the upward departure is improper, I would have . . . imposed the upward range of the guidelines which is 115 months." Appx84.

In its Statement of Reasons, however, the Court exclusively characterized its decision as a variance, not a departure. It checked eight boxes indicating it had made a variance—for instance, that it "imposed a sentence otherwise outside the sentencing guideline system (i.e., a variance)." SOR at 2–3. It checked none of the boxes for a departure. Where the form permits the Court to provide an "additional basis for the sentence," it wrote, "[s]ee sentencing transcript." SOR at 4.

Alexander appeals his sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's sentence for procedural reasonableness under an abuse-of-discretion standard. *Peugh v. United States*, 569 U.S. 530, 537 (2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

## III.

In our Circuit, sentencing proceeds in three steps. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citing *United States v. King*, 454 F.3d 187 (3d Cir. 2006)). First, a district court calculates the sentence range provided by the Sentencing Guidelines. *Id.* Second, it considers whether to grant a departure, *id.*: a divergence from the initial Guidelines range "for reasons contemplated by the Guidelines themselves," *United States v. Floyd,* 499 F.3d 308, 311 (3d Cir. 2007) (citation omitted). "These require a motion by the requesting party and an express ruling by the court" on that motion. *United States v. Brown*, 578 F.3d 221, 225 (3d Cir. 2009). Third, it must decide the ultimate sentence in the exercise of its discretion by considering the 18 U.S.C. § 3553(a) factors. *Gunter*, 462 F.3d at 247. A variance is a divergence from the range after step two. *See Floyd*, 499 F.3d at 311. So there are two ways a district court may impose a sentence outside the initial Guidelines range: a departure and a variance.

"This distinction is more than mere formality." *United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011). Among other reasons, "[w]hether a district court has imposed a departure or, instead, a variance has real consequences for an appellate court's review." *Brown*, 578 F.3d at 226. We "review[] a variance for reasonableness . . . by

4

evaluating the district court's analysis of the § 3553(a) factors, whereas [in] reviewing a departure [we] must consult the relevant guidelines provision in order to determine whether the departure was appropriate." *Id.* Consequently, "district courts should be careful to articulate whether a sentence is a departure or a variance from an advisory Guidelines range." *United States v. Vampire Nation,* 451 F.3d 189, 198 (3d Cir. 2006).

When a sentencing decision "leaves us unable to determine whether the court intended to grant [a] . . . departure or a variance," the district court has failed to "adequately explain the chosen sentence." *Brown,* 578 F.3d at 226 (quotation marks omitted). In that circumstance, we "will remand for resentencing unless we conclude on the record as a whole . . . that the error did not affect the district court's selection of the sentence imposed." *Id.* (internal quotation marks omitted).

We cannot say that for the sentencing of Alexander. The Guidelines range was 92 to 115 months of incarceration, but the Court sentenced Alexander to 120 months, the statutory maximum. As noted, during the sentencing hearing it repeatedly described the increase as a departure. The explanation it provided was consistent with a departure per U.S.S.G. § 4A1.3(a), which governs departures from criminal history category VI, the one applicable here. Yet the explanation also was consistent with a variance under the § 3553(a) factors: the nature and circumstances of the offense, and history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the seriousness of the offense, *id.* § 3553(a)(2)(A); and the need to protect the public, *id.* § 3553(a)(2)(C). In the Statement of Reasons, the Court checked eight boxes indicating it imposed a variance and none

indicating a departure. Yet it also incorporated its remarks at the sentencing hearing—where it referred exclusively to a "departure"—by reference.

The Government argues the District Court unambiguously varied, not departed. Whether the best interpretation of what happened is a variance or a departure, we cannot "determine with confidence from the record" whether the District Court departed or varied. *Fumo*, 655 F.3d at 317. The record cannot support the variance reading when the Court repeatedly used a "departure" to identify what it was doing.

The record does not indicate "that the error did not affect the [D]istrict [C]ourt's selection of the sentence imposed." *Brown*, 578 F.3d at 226 (citation omitted). To the contrary, what we have indicates it did. At sentencing the District Court said, "if it's found on appeal or otherwise that the upward departure is improper, I would have . . . imposed the upward range of the guidelines which is 115 months." Appx84. In other words, if the Court could not depart upward, it would not have varied upward instead. Even if it meant to vary, the point holds: this sentence is the District Court saying that if it could not use the tool it thought it was using, it would not use the other. On either interpretation of what happened, it mattered.

The Government tries to explain away the District Court's statement, claiming that it "was simply a declaration that, if the Court of Appeals were to conclude the court was not permitted to exceed the Guidelines range, the [sentencing] court would modify its sentence to the top of that range." Answering Br. 28–29. That is flatly not what the District Court said. It said that if it could not exceed the Guidelines range in a particular way (by

an "upward departure"), it would not have exceeded it at all (which is to say, in any other way).

In sum, sometimes the District Court characterized the increase to Alexander's sentence as a departure, sometimes a variance. Its reasoning could be construed either way. This ambiguity was material, because we cannot with confidence determine whether the District Court granted a departure or variance. And the Court was willing to depart upward but not vary upward. This textbook case of an ambiguous sentencing increase warrants vacatur and a remand for resentencing.